# UNITED STATES BANKRUPTCY COURT
## for the
## DISTRICT OF MASSACHUSETTS

========================================
```
                                         *
In Re:                                   *
                                         *    Chapter 13
        JAMES S. ALBRECHT,                *    No. 09-19109
                                         *
                        Debtor            *
                                         *
```
========================================

DECISION ON OBJECTION TO CONFIRMATION

Debtor James S. Albrecht ("James") filed his petition under Chapter 13 on September 25, 2009. He filed his First Amended Plan on January 7, 2010 (Docket #31). It states that Debtor owes no Domestic Support Obligations ("DSOs").

Marie-Claire Albrecht, his former wife ("Marie"), filed an objection to confirmation of that plan on January 19, 2010 (Docket #57), asserting that sums due to her under a New Hampshire divorce decree were DSOs.[1] James filed a response on February 1, 2010 in which he alleged that the sums still due to Marie were a dischargeable property settlement (Docket #61). I held a hearing on February 12, 2010, at which I took the objection under advisement and requested that the parties file memoranda, which they did.[2] After

---

[1] For simplicity, I have incorporated into this discussion the attachments to Marie's objection to James' original plan (Docket #41).

[2] Marie's objection was filed pro se. I subsequently granted the motion of her New Hampshire counsel to appear pro hac vice (Docket #76) and he filed the post-hearing memorandum on her behalf.

1

consideration, I find that I cannot resolve these issues without an evidentiary hearing.

*The Divorce Final Decree*

The Final Decree on Petition for Divorce, entered in the Brentwood Family Division of the State of New Hampshire (the "Decree"), states that it was agreed to by the parties. Section 5, captioned "Alimony", indicates "See Attachment A." That attachment is captioned "Final Decree on Petition for Divorce/Supplemental Agreement" (the "Agreement").

Paragraph 2(a) of the Agreement, entitled "Financial Settlement", provides that "James shall pay Marie $85,000.00 (US) in accordance with the terms set forth in this Attachment." The referenced terms provide for periodic payments until the full sum had been paid. Paragraph 6 of the Agreement provides that "[t]o the extent permitted by law i) the parties will not seek a review of this agreement or its payment terms due to a change in circumstance (sic) of the parties; and ii) should a party file for bankruptcy, the party will not seek to reduce or discharge its obligations under this agreement."

*Marie's Position*

Marie asserts that the sums awarded to her in the Decree "provided for a financial support payout to transition one from pre-divorce to post divorce circumstances as it related to my inability to support myself post-divorce" and that "the purpose of payout was for debtor to provide the creditor necessary funds needed to primarily to maintain a suitable domicile." She asserts that she is entitled to a secured priority claim for the sums due. In her brief, she makes much of her situation at the time of the divorce, but no evidentiary hearing was held before me.

*James' Position*

James contends that the sum payable under the Decree "is clearly a property settlement which has been paid out in monthly installments." He further asserts that the stipulation which would prevent him from discharging the debt in bankruptcy is "illegitimate as it is in conflict with the United States Bankruptcy Code," and in particular in conflict with 11 U.S.C. § 1328(a)(2). Further, James argues that if the obligation is in fact a DSO, "there would be no need for a stipulation preventing him from discharging the debt in bankruptcy as the spousal support would survive any bankruptcy filing." He denies Claire's claim to a secured priority position.

*Discussion*

Because this is a Chapter 13 case, it is necessary to determine if the amounts payable to Marie fall within the definition of DSO contained in 11 U.S.C. § 101(14A). As Judge Mayer has summarized:

> "Domestic support obligation" ... does not include a debt arising from a property settlement or equitable distribution award.... Under chapter 7 of the Bankruptcy Code, neither is dischargeable. However, in chapter 13, while domestic support obligations are not dischargeable, property settlement and equitable distribution awards are. Domestic support obligations are entitled to priority status and must be paid in full under a chapter 13 plan. Property settlement and equitable distribution debts do not have priority and need not be paid in full in a chapter 13 plan.[3]

Having reviewed the record before me, I find that evidence will be necessary to

---

[3] *In re* Uzaldin, 418 B.R. 166, 171-172 (Bankr. E.D. Va. 2009) (citations omitted).

make a appropriate classification of the sums due to Marie; the documentation is not clear on the point.  As a result, I will issue a preliminary pretrial order and allow the parties to prepare for an evidentiary hearing, which will be scheduled in ordinary course.

*[Signature: William C. Hillman]*

_____
William C. Hillman
United States Bankruptcy Judge

Dated: April 29, 2010